UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/27/2022
```

ELLEN RITZMANN,

                         Plaintiff,

v.

MAINETTI USA, INC., ROBERTO PERUZZO, JEFFREY HSU, and STEVE REGINO,

                         Defendants.

21 Civ. 11048 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff brings this action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, the Equal Pay Act, and equivalent New York state and city human rights laws. Compl. ¶¶ 1, ECF No. 1. Plaintiff argues that venue is proper in this district "as the acts complained of herein occurred within the Southern District of New York." *Id.* ¶ 4. But, Plaintiff's factual allegations do not support this assertion. Plaintiff is a resident and citizen of the State of New York, and states that she traveled into New York City to conduct business throughout her employment with Defendant. *Id.* ¶¶ 6, 8, 46. However, Defendant Mainetti is a corporation with its headquarters located in New Jersey, *id.* ¶ 8. Plaintiff's claims arise out of her employment with Mainetti, and her interactions with Mainetti employees in the New Jersey office. *See generally* Compl. Plaintiff's factual allegations indicate she worked from the New Jersey office, *id.* ¶ 46, and that key events underpinning her factual allegations took place at Defendant's headquarters in New Jersey, including conversations with the named Defendants giving rise to Plaintiff's claims of age discrimination, *id.* ¶¶ 37, 54, 71, 81–96.

    On January 4, 2022, the Court issued an order concluding that Plaintiff's factual allegations did not establish venue in the Southern District of New York. ECF No. 11. The Court accordingly directed Plaintiff to show cause why this action should not be transferred under 28 U.S.C. § 1406 to the United States District Court for the District of New Jersey, by January 11, 2022. *Id.* The Court subsequently granted Plaintiff a two-week extension of this deadline, and required Plaintiff to show cause no later than January 25, 2022. ECF No. 13. The Court warned Plaintiff that if she failed to respond within the time allowed, the Court shall transfer this case to the District of New Jersey. ECF No. 11. Plaintiff has failed to respond within the time allowed.

    For the purposes of venue, a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Based on Plaintiff's factual allegations, it appears

that the District of New Jersey is the district in which "a substantial part of the events or omissions giving rise to [Plaintiff's] claim[s] occurred." 28 U.S.C. § 1391(b). Accordingly, "in the interest of justice," the Clerk of Court is directed to transfer this case under 28 U.S.C. § 1406 to the United States District Court for the District of New Jersey.

    SO ORDERED.

Dated: January 27, 2022
       New York, New York

                                            ANALISA TORRES
                                          United States District Judge